THE TOWN OF CICERO

*v.*

JAMES J. McCARTHY.

| 172  279 |
| 185   28 |
172   279
e186  4459

*Opinion filed April 21, 1898.*

1. STATUTES—*an act adopting another by reference adopts it as it then existed.* An act which adopts the whole or a portion of another act by reference adopts such act or portion of act as it then existed, and does not include subsequent additions or modifications, in the absence of express or strongly implied intent.

2. TAXES—*act of 1877 has no reference to rate of taxation.* The act of 1877, (Laws of 1877, p. 61,) which provides that all municipalities, whether organized under general law or special charters, shall assess and collect their taxes in the manner provided by article 8 of the City and Village act of 1872, merely requires uniformity in the mode or manner of assessing and collecting taxes, and has no relation to the rate of taxation.

3. SAME—*prior to amendment of 1879 there was no limitation on amount of municipal taxes.* Prior to the amendment of article 8 of the City and Village act of 1872 by the act of 1879, (Laws of 1879, p. 66,) the general law contained no limitation as to the amount of taxes which might be levied for municipal purposes.

4. SAME—*two per cent limitation on municipal taxes does not apply to special charters.* The limitation of two per cent on the assessed valuation of property for the preceding year, which is imposed upon municipalities as the maximum tax which may be levied for municipal purposes, (Laws of 1879, p. 66,) does not apply to municipalities working under special charters, whether such charters contain any limitation or not.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

CHARLES S. CUTTING, GEORGE B. FINCH, and F. W. PRINGLE, for appellant.

PRENTISS, HALL & GREGG, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee, James J. McCarthy, a tax-payer of the town of Cicero, filed his bill of complaint in the court below to enjoin the collection of so much of the town tax

assessed for the year 1896 as exceeded two per centum upon the valuation of his taxable property in said town as equalized for the preceding year. The bill showed that the tax assessed exceeded two, and was nearly three, per centum of the equalized valuation of all the taxable property in the town, including appellee's; that such excess levied upon the real property of appellee amounted to $36.35, and upon his personal property $1.19. The town of Cicero is incorporated by a special charter, which in itself contains no limitation as to the amount of taxes which may be levied and collected for the purposes of the town. The court overruled the demurrer to the bill, and perpetually enjoined the collection of the excess of the tax over two per cent, as prayed. The defendant, abiding by its demurrer, has taken this appeal.

The contention of counsel for appellee is, that the limitation of two per cent fixed by the proviso added by amendment of May 28, 1879, (Laws of 1879, p. 66,) to section 1 of article 8 of the general law for the incorporation of cities and villages, (1 Starr & Cur. 485,) applies to the town of Cicero, as well as to cities and villages incorporated under the general law. The basis of this contention is the act of the General Assembly of May 23, 1877, (Laws of 1877, p. 61,) which provides: "That all cities, villages and incorporated towns in this State, whether organized under the general law or special charters, shall assess and collect their taxes in the manner provided for in article eight (8) of the act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, and in the manner provided for in the general revenue laws of this State; and all acts or parts of acts inconsistent with the provisions of this act are hereby repealed." And it is claimed that this act passed in 1877 had the effect of incorporating into the special charter of the town of Cicero the limitation to the power or rate of taxation prescribed by the proviso added in 1879 as an amendment to said article 8 passed in 1872.

It will be noticed that prior to said amendment of 1879 to the general law there was no limitation of that character in said general law, and that the said amendment did not purport to be an amendment of any special charter, but of the general Incorporation act only. We are of the opinion that it was the purpose of the act of 1877 to restrict all cities, villages and incorporated towns to the same mode or manner of levying and collecting municipal taxes,—that is, to require uniformity of system or procedure on that subject, and not otherwise to enlarge or diminish the *special powers* of taxation conferred by special charters; and it has been so decided, in substance, by this court. Thus, it was said in *Weber* v. *Traubel*, 95 Ill. 427 (on p. 432): "In *Binkert* v. *Jansen*, 94 Ill. 283, we held that the act in regard to the assessment and collection of municipal taxes, approved May 23, 1877, and in force July 1, 1877, has reference only to the mode or manner of assessing taxes, the purpose being to require uniformity in that regard, and has no relation whatever to the rate of taxation. We are entirely satisfied with the correctness of the views there expressed, and they are conclusive in regard to the present point." See, also, *Thatcher* v. *Chicago and Northwestern Railway Co.* 120 Ill. 560, and *People* v. *Lake Erie and Western Railroad Co.* 167 id. 283.

It is true, as stated by counsel for appellee, that the *Binkert* and *Weber cases* were decided before the amendatory act of 1879, fixing the limitation at two per cent, was passed; still, it was decided that the act of 1877, requiring cities under special charters to levy and collect taxes in the manner provided in article 8, which then contained no restriction on the power or extent of taxation, did not operate to repeal or annul restrictions contained in special charters. If article 8 without the restriction contained in the amendment of 1879, when applied to special charters, would not annul a limitation fixed in such charters, we are unable to see how the same article with such amendment, and nothing more, can be

construed to incorporate in a special charter a limitation where none existed before. In other words, as said in the *Weber case,* the act of 1877 "has reference only to the mode or manner of assessing taxes, the purpose being to require uniformity in that regard, *and has no relation whatever to the rate of taxation.*" Suppose the charter of the town of Cicero fixed the limit at three per cent; would it be said that the act of 1877, and article 8 as amended, would have the effect of reducing it to two per cent? We cannot see how it could be so contended. In fact, appellee's counsel seem to contend that the two per cent limitation applies to such special charters only as contain no limitation in themselves, and in support of this view cite *Town of Sparland* v. *Barnes,* 98 Ill. 595, where this court said (p. 598): "Upon very mature consideration we are of opinion the legislature did not intend by the act of 1879 to interfere with existing limitations in special charters on the power of taxation, but intended simply to provide a uniform limitation in cases where none had theretofore existed, as was the case in cities and villages organized under the general Incorporation law." This was the first case decided after the amendment of 1879 to article 8, fixing the limitation at two per cent, was passed, and still it was held that the limitation of the rate per cent of taxation to one-half of one per cent, contained in the special charter of the town of Sparland, was not repealed but remained in force. The general language above quoted must be read with reference to the question before the court. There is nothing in the case tending to decide that the act of 1879 would create a limitation in a special charter where none existed before, but it was held that the act of 1879 could not be construed to increase the power of taxation in towns under special charters, and by parity of reasoning it must be held that it cannot be construed to diminish them. If construed to affect at all such powers of towns under special charters, it would be construed to require

uniformity of power as it does mode of procedure, but it would not produce uniformity to import into one special charter a limitation of two per cent where none existed before, and leave unaffected special limitations, of varying amounts, in other charters. The construction contended for by appellee has no basis, in principle, upon which to rest, and we find nothing in the statutes in question authorizing us to give them a different interpretation from the one heretofore given them by this court.

Counsel for appellee contend that, inasmuch as the act of 1877 provides that such towns shall assess and collect their taxes in the manner provided for in article 8, "*and in the manner provided for in the general revenue laws of this State,*" the amendment of 1879 to article 8, though passed after article 8 had been applied by the legislature to such towns, should be held to apply to appellant because such intent is strongly implied from the statutes themselves. Counsel say that, conceding the rule stated in *Culver* v. *People,* 161 Ill. 89, "that an act which adopts, by reference, the whole or a portion of another statute means the law as existing at the time of the adoption, and does not include subsequent additions or modifications of the statute so adopted, unless it does so by express or strongly implied intent," we may find such strongly implied intent in this clause: "and in the manner provided for in the general revenue laws of this State," and that the amendment of 1879, being a part of the general revenue laws of this State, should apply to the town of Cicero. It may well be doubted whether the clause in question had any reference to provisions contained in the statute for the incorporation of cities and villages, but if it did, the amendment of 1879 makes no provision as to the *manner* of assessing and collecting taxes, and, as we have seen, it is only the *mode or manner* of assessing and collecting taxes that is provided for in the act of 1877, and required, as we have held, to be uniform. However important it may be for the

protection of the owners of property that a limit should be placed upon the power of taxation, we cannot create a limitation where none exists, but the General Assembly only can provide the remedy.

It was error to overrule the demurrer to the bill. The decree is reversed and the cause is remanded, with directions to sustain the demurrer and dismiss the bill.

*Reversed and remanded.*