PHILIP KNOPF *v.* THE PEOPLE *ex rel.* City of Chicago

and

SAME *v.* PEOPLE *ex rel.* Board of Education *et al.*

*Opinion filed April 17, 1900.*

1. CONSTITUTIONAL LAW—*prohibition against special laws in enumerated cases is absolute.* Under the last clause of section 22 of article 4 of the constitution, providing that "in all other cases where a general law can be made applicable no special law shall be passed," the legislature may determine whether the specified condition exists, but as to the enumerated subjects in the preceding clauses the prohibition against special legislation is absolute.

2. SAME—*section 49 of Revenue act of 1898 is a special law upon a prohibited subject.* The provision of section 49 of the Revenue act of 1898, which attempts to limit the aggregate amount of tax levies which may be certified to the county clerk by municipalities in counties containing 125,000 or more inhabitants to five per centum, is in violation of that clause of section 22 of article 4 of the constitution which absolutely prohibits the passage of any special law "incorporating cities, towns or villages or changing or amending the charter of any town, city or village."

3. SAME—*whether law upon particular subject is against constitutional prohibition is for the court.* The question whether a particular law upon a subject enumerated in section 22 of article 4 of the constitution is within the prohibition against the passage of special laws upon such subject is for the court, and not for the legislature.

4. SAME—*Cook county cannot be singled out for special law upon enumerated subjects.* Within the subjects enumerated in section 22 of article 4 of the constitution Cook county cannot be singled out for legislation upon the ground that its circumstances and conditions are different from other counties, nor can the city of Chicago be made the subject of special legislation upon such subjects.

5. SAME—*legislature is not the final interpreter of constitutional limitation on legislation.* The General Assembly, upon which an absolute limitation on particular subjects of legislation is imposed, is not the final judge of such limitation, but when the question arises in a judicial proceeding the court must compare the particular act with the fundamental law, and if found to be in conflict the limitation must be enforced.

6. SAME—*section 49 of the Revenue act affects special charter of town of Cicero.* The restriction limiting the rate of taxation, contained in section 49 of the Revenue act of 1898, is not only an attempted amendment of the general Incorporation act as to cities in Cook county, but also of the special charter of the town of Cicero, which is within the terms and the necessary operation of such law.

7. SAME—*reasons for enacting law do not aid its invalidity.* The reasons which may have operated upon the minds of legislators when enacting a law furnish no ground for upholding such law if it is in violation of a constitutional provision.

8. TAXES—*taxes for educational and for building purposes should be levied separately.* Items for educational purposes which are improperly included in the levy for building purposes cannot be held valid, even though the tax levied for educational purposes does not equal the amount authorized by law, since the funds for the two purposes cannot be commingled and taxes levied for one purpose cannot be applied to the other.

9. SAME—*effect where court rejects proper building items in awarding mandamus.* Where, in *mandamus* proceedings to compel the extension of taxes, the levy for building purposes includes items for educational purposes but furnishes no means of showing what portion of the levy is legal, the relator cannot compel the extension of any portion of such tax, and hence cannot complain that, in order to award the writ, the court, in ascertaining the amount legally assessed for building purposes by inspecting the records of the board of education, excluded certain items which might properly have been allowed for building purposes.

, MAGRUDER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

PENCE, CARPENTER & HIGH, for plaintiff in error:

There is a difference in the condition, situation and circumstances of the people of Cook county, and of the county and its sub-municipalities, when compared with other counties and municipalities of the State, and hence section 49 of the Revenue act of 1898 is constitutional.

The legislature has the power to determine whether there is such difference, and having so determined and legislated accordingly, the courts cannot run a race of right reasoning with the legislature or review such action.

This court has held that counties may be classified, for the purpose of legislation, upon any subject, and particularly as to assessments. The reduction of the aggregate rates of all municipalities in the county is a part of the execution of and making effectual the assessment, and hence section 49 of the Revenue act of 1898 is con-

stitutional, as it does not interfere with the municipal authorities in their right to levy a tax.

A law is constitutional and general whose operation affects all those in like situation, and such operation may depend upon any indifferent contingency. Said section 49 is not unconstitutional as amending another law, directly or by implication, without referring to the same. *Insurance Co.* v. *Swigert*, 104 Ill. 653; *Wilson* v. *Trustees*, 133 id. 459; *Insurance Co.* v. *Swigert*, 128 id. 245; *Insurance Co.* v. *Durfee*, 164 id. 193; *People* v. *Hoffman*, 116 id. 587; *People* v. *Simon*, 176 id. 179.

Whether laws are general or not does not depend upon the number of those within the scope of their operation. They are general, not because they operate upon every person in the State,—for they do not,—but because every person who is brought within the relations and circumstances provided for is affected by the laws. Nor is it necessary, in order to make a statute general, that it should be equally applicable to all parts of the State. It is sufficient if it extends to all persons doing or omitting to do an act within the territorial limits described in the statute. *People* v. *Hoffman*, 116 Ill. 587; *Cummings* v. *Chicago*, 144 id. 566; *West Chicago Park Comrs.* v. *McMullen*, 134 id. 177; *Trausch* v. *County of Cook*, 147 id. 536; *Chicago* v. *Stratton*, 162 id. 501; *People* v. *Hill*, 163 id. 191; *People* v. *Simon*, 176 id. 179.

An act general in its terms and uniform in its operation upon all persons and subject matter in like situation is a general law, and not obnoxious to the objection that it is local or special legislation. *Cummings* v. *Chicago*, 144 Ill. 563.

JULIUS A. JOHNSON, County Attorney, (FRANK L. SHEPARD, of counsel,) also for plaintiff in error:

It is said that section 49 of the Revenue act of 1898 is special and local legislation because it in substance makes a separate class of municipalities in Cook county

and does this by classifying counties, and that there is no sufficient and natural basis for this classification. The legislature, and not the court, is the judge of what is a sufficient basis for classification. This court, in *Cummings* v. *Chicago*, 144 Ill. 569, said: "The legislature, for reasons appearing satisfactory to it, saw fit not to apply to the smaller assessments in the larger cities of the State the same cumbersome mode of collecting the same provided in the act under consideration. Whether this was wise or unwise is a question for legislative consideration."

Constitutions, like statutes, must receive a reasonable construction, and in accordance with this view it has been determined, and has become the settled law of construction in this State, that a law general in its terms and uniform in its operation upon all persons and subjects matter in like situation is a general law, and not obnoxious to the objection that it is local or special legislation. *People* v. *Onahan,* 170 Ill. 459.

CHARLES M. WALKER, Corporation Counsel, COLIN C. H. FYFFE, DANIEL J. MACMAHON, and JOHN J. HERRICK, (FRANK J. LOESCH, and ALBERT B. FORCE, of counsel,) for defendants in error:

The provisions of the Revenue act of 1898 which impose on municipalities in counties containing 125,000 or more inhabitants the limitations provided as to amount of indebtedness to be contracted and the amount of taxes to be levied for the corporate purposes of the municipality are special legislation, and therefore in violation of section 22 of article 4 of the constitution.

An act which in terms applies to Cook county alone, (except so far as special legislation as to Cook county is expressly authorized by the constitution,) is a special and local law, within the meaning of the provision. *People* v. *Meech*, 101 Ill. 200; *Devine* v. *Cook County,* 84 id. 590.

The constitutional provision against special legislation cannot be evaded by singling out some particular

county or municipality for legislation by some general designation, which, while general in form, as certainly distinguishes it as if it had been mentioned by name. *Devine* v. *Comrs. of Cook County,* 84 Ill. 590.

The prohibition against special or local laws extends to provisions for the levy and collection of taxes by municipalities, and all legislation affecting the powers of cities, towns or villages must be by general laws. If the result of an act is to establish dissimilarity in the powers and modes of different cities in the levy and assessment of taxes it is in violation of the constitution, and void. *People* v. *Cooper,* 83 Ill. 585.

While it is in the power of the legislature to classify counties and municipalities for the purpose of legislation, (as by population,) and a law based on such classification will be valid, a so-called classification cannot be made the means of evading the constitutional provision; and if, therefore, the attempted classification has no foundation in actual differences in situation or circumstances, and there is no reasonable relation between the classification and the purposes to be attained, the law will be held void.    *Dupee* v. *Swigert,* 127 Ill. 494; *People* v. *Martin,* 178 id. 611; *People* v. *Knopf,* 183 id. 410.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

In each of these cases a petition was filed in the circuit court of Cook county against the plaintiff in error, county clerk of said county, alleging that the provision of section 49 of the act for the assessment of property, in force July 1, 1898, limiting the aggregate of all the levies certified by the municipalities of said county to said county clerk to five per centum, under which the county clerk claimed the right to act, was unconstitutional and void, and praying for a writ of *mandamus* to compel him to compute the rates and extend the taxes due the relators in accordance with the law. In one case

the petition was filed on the relation of the city of Chicago and in the other on the relation of the board of education of said city. The defendant interposed a demurrer to each petition, which was overruled, and he standing by the same, judgments were entered and writs ordered compelling him to compute and extend said taxes in accordance with the prayers of the petitions. Writs of error were sued out from this court to review the judgments, and the causes have been heard together.

In the case of *People ex rel.* v. *Knopf,* 183 Ill. 410, we considered the same question raised in these cases as to the validity of said provision of section 49, and were reluctantly compelled, on the clearest grounds, to hold it unconstitutional and void, as a direct and palpable violation of the prohibition against special and local laws. It is not necessary to repeat here the well-worn and fundamental rules there stated, but counsel for plaintiff in error have presented some arguments which they insist have not been before presented or considered and which they claim are sufficient to sustain the act, and these will receive due consideration.

One of these arguments is, that the prohibition of the constitution against local or special laws does not apply where the conditions, circumstances or situations of municipalities differ, so as to require or permit a classification of such municipalities; that the question whether the county of Cook, including its various municipalities, is different in conditions, circumstances or situations from other counties, is one which the legislature must determine for themselves as a fact before they legislate, and in the ascertainment of the fact may adopt their own rules of evidence; that the legislature decided that there was such a difference in the circumstances and situations of counties having a population of over 125,000, when compared with other counties of the State, as required legislation applicable only to municipalities in such counties, and that their decision of that question cannot

be reviewed by this court. The effect of the argument is, that the legislature are the final judges of the meaning and effect to be given to the constitution, and that it shall be binding on them only so far as they decide it shall be. It is true that under the general provision that a special or local law shall not be passed where a general law can be made applicable, the existence of the specified condition may be determined by the legislature. Under that provision a special law may be enacted where a general law cannot be made applicable, and that preliminary question may be decided by the legislature. (*Owners of Lands* v. *People*, 113 Ill. 296.) As to certain subjects, however, the People, in the fundamental law, made a hard and fast rule, not subject to any condition or exception, prohibiting the enactment of special or local laws. Section 22 of article 4 of the constitution prohibits the General Assembly from passing local or special laws in certain enumerated cases. As to those subjects the prohibition is absolute, and not conditional. Among them is, "incorporating cities, towns or villages, or changing or amending the charter of any town, city or village," which is violated by section 49. It was never intended to put a law passed in violation of the prohibition beyond the power of review by the courts, and the question whether a particular law upon such a subject is within the prohibition is for the courts, and not for the legislature. (Sutherland on Stat. Const. sec. 117.) Within the enumerated subjects Cook county cannot be singled out for legislation on the ground that its circumstances and conditions are different from other counties, nor can the city of Chicago be singled out and separated from other cities of the State and made the subject of special legislation. (*Devine* v. *Board of Comrs.* 84 Ill. 590; *Kingsbury* v. *Sperry*, 119 id. 279; *People* v. *Meech*, 101 id. 200; *People ex rel.* v. *Board of Trustees*, 170 id. 468.) If the legislature can pass a law for Cook county, as contended, it could single out for special legislation each county in the State other

than Cook county, and each city as well as the city of Chicago, on the ground of alleged differences in circumstances and conditions,—and this would be to nullify the constitutional provision. The legislature may, however, in the enactment of general laws, classify counties and other municipalities, and we have sustained legislation relating to counties classified on the basis of the population of counties, laws relating to cities where the classification was based on the population of cities, and laws affecting towns where towns were classified according to population. In any case, it cannot be that the legislative body on which an absolute limitation is imposed shall finally determine the question of such limitation, but when the question arises in a judicial proceeding the court must compare the law with the fundamental law, and if it is found to be in conflict, must enforce the limitation. Judge Cooley, in speaking of this power, says: "The right and the power of the courts to do this are so plain, and the duty is so generally,—we may now say, universally,—conceded, that we should not be justified in wearying the patience of the reader in quoting the numerous authorities on the subject." (Cooley's Const. Lim. 45.) Indeed, counsel, at the conclusion of their argument on this point, admit that, manifestly, if there is no distinction in the conditions and circumstances of the municipalities situated in Cook county from those situated in other counties, the legislature would have no power or jurisdiction to determine that there was, but they say that if there is a difference the court should not go into an examination of the extent of such difference.

Another argument is based upon the proposition of counsel stated as follows: "The legislature, by section 49, did not attempt to take away any power from any individual municipality to levy a tax at a certain rate as established by the general law. Section 49 does not touch that power, but it simply undertakes to provide that, in making such assessment, if the aggregate rates which

were permissible under the general law (not the individual rates) should exceed five per cent, that then such aggregate rates must be reduced to five per cent." It is said, in substance, that the powers of the various municipalities to levy taxes up to a certain rate are not affected; that they may levy taxes and certify their levies to the clerk, but the law simply provides that the clerk shall not put the taxes on the books, and merely interferes with and prohibits the collection. The argument is, that therefore the provision is not obnoxious to the constitutional prohibition, because it does not amend any charter or repeal any charter power. Section 1 of article 8 of the general Incorporation act, under which the relator, the city of Chicago, and many municipalities in Cook county, are organized, provides that the city council or boards of trustees may, by ordinance, levy the total amount of appropriations, to be collected from the tax levy of the fiscal year, not exceeding two per cent of the valuation, exclusive of the amount levied for the payment of bonded indebtedness or interest thereon, upon all the property subject to taxation within the city; that a certified copy of such ordinance shall be filed with the county clerk, and that he shall extend the tax upon the collector's books. Section 2 provides that the tax so assessed shall be collected and enforced in the same manner and by the same officers as State and county taxes, and shall be paid over to the treasurer of the city or village. To say that the provision of section 49 that the county clerk shall not extend the tax certified to him but shall reduce it *pro rata*, so that the aggregate, with all other taxes, shall not exceed five per cent, and that no more shall be collected, is so plainly an attempt to amend this charter provision that no argument can make it plainer. The town of Cicero, in Cook county, is organized under a special charter, and is not subject to the limitation of two per cent in the general Incorporation act. (*Town of Cicero* v. *McCarthy*, 172 Ill. 279.) The re-

striction of section 49 is not only an attempted amend-
ment of the general Incorporation act as to cities and
villages located in certain counties, but also of the special
charter of said town.    The town of Cicero is within the
terms and the necessary operation of the act which at-
tempts to add to such charter the restriction in question.

Again, it is insisted that there are actual grounds of
difference between the municipalities or taxing districts
in Cook county and those outside of that county, which
support the restriction. The first of these is, that in Cook
county there are a greater variety and number of differ-
ent taxes, and of corporate authorities authorized to levy
taxes, than in other portions of the State. In that county
there is taxation by the sanitary district and for the pub-
lic parks, and taxation to pay the indebtedness for the
Columbian Exposition, which other portions of the State
do not have to pay.   It is urged that these facts furnish
a ground for the restriction upon the aggregate rate.
If that fact could have any effect, it seems that it would
be a reason for allowing a larger aggregate to meet these
additional requirements and to support the additional
burdens, and that it would furnish no ground for reduc-
ing such aggregate. Surely, it is no reason for restricting
the taxes below those common to the municipalities of
the State.    Another alleged ground is, that the taxable
wealth of the municipality of Cook county is much greater
than outside of that county.    The fact does not appear
from the record, but counsel give figures in their brief
from which it appears that the equalized valuation of
property in Evanston for the purpose of taxation aver-
ages $195.30 per capita, while in the city of Aurora it is
$192.79, in the city of Quincy $113.35, and in the city of
Joliet $105.71.    If these figures are accepted, they show
that there is no substantial difference between Evanston,
in Cook county, and Aurora, in Kane county, and that the
act is special; and by the same reasoning the city of Au-
rora could be singled out for separate and distinct legis-

lation, on the ground that the equalized valuation per capita is nearly double that of the city of Joliet. The statement destroys the argument. By the same process of reasoning all the counties and cities in the State might be separated. The county or city having the next largest valuation to Cook county could be separated from the others and made the subject of special law. But a conclusive answer to both these supposed grounds of difference is, that if the number of taxing authorities or the taxable wealth of the municipalities would justify different legislation, the act is not based on any such grounds of difference. It proceeds on no supposed difference of that kind, but necessarily excludes it from the classification. It applies equally to every county of a certain population, regardless of wealth, and to every municipality or taxing district in such county, regardless of the population, wealth or any other characteristic of the municipality or taxing district, except its location in such a county. It assumes to regulate the powers of small municipalities with a population of 1500 and the city of Chicago with a population of 2,000,000. The legislature did not provide that districts with a certain number of taxing authorities or with certain wealth should be included, and did not bring or attempt to bring within its operation all municipalities or taxing districts in the same situation or circumstances in that regard.

It is also said by counsel that the legislature had in view what they say is a notorious fact—that in Cook county vast amounts of personal property had never been returned by the owners and had gone entirely untaxed; that to induce the people to be honest, and not to make false returns of their taxable property but to bear their just portion of the public burdens, the legislature might properly provide that they would not have to pay more than a certain rate in the aggregate; that it was known that any truthful return of property in that county would enormously increase the assessment, and that these facts

furnish a natural and reasonable basis for this special law. It is further asserted that the legislature enacted the provision in question as a promise to the tax-payers of that particular county that if they would make honest returns of their property they should have the benefit of the limitation; that the offer was largely accepted and the anticipated result realized, and that the courts should adhere to the bargain. None of these statements have any foundation in the record, and if they had, the reasoning is not applicable on the question of the constitutionality of the statute, which is the only question before the court. The reasons which counsel say operated on the minds of the legislators in enacting the statute can not be ground for holding valid a law passed in violation of a constitutional provision. Whatever merit there may be in an argument that tax-payers of a particular county have been accustomed to make false returns of their property and to escape the burdens of taxation, which the law contemplates shall fall equally upon all in proportion to the value of their property, and that they have been deceived and betrayed into truthful disclosures and obedience to the law because of the supposed bargain, there is no evidence whatever of the facts so alleged and insisted upon by counsel. We are unable to consider such argument or make it a basis for our decision. If the law is local and special in its character and within the enumerated cases prohibited by the constitution, we must declare it invalid.

These are all the arguments in support of the provision, and none of them are sufficient to sustain it.

In awarding the writ in the case of the board of education, the circuit court deducted from the amount levied by the city council for building purposes the sum of $625,-500, and the defendant in error in that case assigns a cross-error upon that action of the court. The board of education is required to communicate to the city council of the city of Chicago respecting the schools and school

funds and the management thereof, and the law authorizes the city council, in making its appropriations for school purposes and levying taxes, to levy a tax not exceeding two and a half per cent for educational and two and a half per cent for building purposes. The board of education in this case made a requisition for the fiscal year for educational purposes (less the revenue from the school fund) of $5,524,161.17, which was appropriated and levied by the city council, and about this tax there is no dispute. The board also made requisition for $2,000,000, which purported to be for building purposes and other expenses which, under the law, are not building purposes. The council made the appropriation of $2,000,000 accordingly, and included it in the ordinance levying taxes in a lump sum. The court made an investigation of the separate amounts which, by the record of the board of education, went to make up the $2,000,000, and allowed that portion which was for the purchase of school house sites, new buildings and permanent improvements and *pro rata* of loss and cost of collection, but deducted the other items amounting to said sum of $625,500. The argument in support of the cross-error assigned is, that the city council had power to levy a tax not exceeding two and a half per cent for educational purposes alone; that the entire tax levied for educational and building purposes was less than said rate of two and a half per cent, and that therefore the items for educational purposes included in the total for building purposes are valid.

It is true that the council had power to levy as much as the whole amount which was levied, and might have levied it for educational purposes alone if required for that purpose, but it was not all required or levied for that purpose. The statute authorizes a levy for two separate purposes, and requires the amount to be levied for each to be levied separately in specific sums. The certified copy of the ordinance was the only warrant to the defendant for extending the tax, and some of the items

included in the gross sum for building purposes show for themselves that they were not for such purposes, and there was no way for the clerk to separate them. Under such a levy the defendant was not required to extend any of the tax of $2,000,000. The ordinance showed that a part of that sum was for general repairs, incidental expenses and other things not included in building purposes. The ordinary expenses of the school and ordinary repairs are included within the tax levied for educational purposes, and the tax for building purposes is to provide means necessary to meet the building of school houses. (*O'Day* v. *People*, 171 Ill. 293.) The relator could not have compelled the defendant to extend any portion of the tax where the levy furnished no means of showing what was legal and what was not, and the action of the court in making the investigation and compelling a levy of that portion which was actually intended for building purposes was in their favor. Some of the items excluded may have been fairly included under the head of building purposes, but we do not consider that question, for the reason that the court might properly have refused relief as to the whole. We cannot assent to the proposition that because the board of education might have levied a tax which would have been valid, a tax not authorized by the statute should be held valid. To say that a city council or board of education may commingle the educational and building funds, or levy sums for one purpose and apply them to another, would defeat the intention of the statute and be disastrous to the tax-payer.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER: I do not concur in all that is said in this opinion.