THE PEOPLE *ex rel.* Samuel L. Tilley, County Collector, Appellee, *vs.* WALTER L. Ross, Receiver, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*what is included within the term "educational purposes."* It was contemplated by the School law of 1889, as well as by the revision of the School law in 1909, that the whole expense of maintaining schools, outside of building purposes, should be included within the term "educational purposes."

2. SAME—*when a certificate of levy for school taxes is not invalid.* A certificate of levy by the school directors reciting that "We certify that we require the sum of four hundred ($400) dollars to be levied as a special tax for school purposes and ....... dollars for building purposes," in effect states that no tax is to be levied for building purposes, and such certificate is not invalid because the levy is made for "school" purposes instead of "educational" purposes.

APPEAL from the County Court of Shelby county; the Hon. A. J. STEIDLEY, Judge, presiding.

W. C. & T. M. HEADEN, C. E. POPE, and H. F. DRIE-MEYER, (CHARLES A. SCHMETTAU, of counsel,) for appellant.

W. E. LOWE, State's Attorney, (J. C. WILLARD, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Shelby county for school district taxes against the property of appellant.

The school tax in five districts was objected to, aggregating $674.66. The objection to the tax is that it was levied for "school purposes" instead of for "educational purposes," as required by the form of certificate prescribed by section 190 of the present School law. The form of certificate used by the board of directors in the respective districts was the same except as to the amount of the tax, and is as follows:

*"Certificate of Levy*
To be returned to the Township Treasurer the first Tuesday in August.

"We hereby certify that we require the amount of four hundred ($400) dollars to be levied as a special tax for school purposes and ........ dollars for building purposes on the taxable property of our district for the year 1914."

Section 189 of the School law of 1909 authorizes the levy of a tax for "educational" and for "building" purposes. Section 190 requires the board of directors to annually ascertain how much money must be raised by special tax for educational and for building purposes, and on or before the first Tuesday in August certify the same to the township treasurer. In none of the school districts in question was there any attempt made to levy a tax for building purposes or for any other purpose than school purposes. The sole ground upon which it is contended the tax is in-

valid is that in each of the five certificates the directors certified the levy was required for "school" purposes instead of "educational" purposes.

Section 1 of article 8 of the School law of 1889 (Laws of 1889, p. 316,) provided that for the purpose of establishing and supporting free schools and defraying all the expenses of the same, of every description, the directors of the school districts were authorized, annually, to levy a tax "for educational" and "for building" purposes. Section 2 of said article 8 required the directors, annually, to determine how much money must be raised by special tax "for school purposes" and certify the same to the township treasurer on or before the first Tuesday in August. The form of the certificate of levy as prescribed by that section is as follows: "We certify that we require the sum of ........ dollars to be levied as a special tax for school purposes and ........ dollars for building purposes on the taxable property of our district."

*Koelling* v. *People,* 196 Ill. 353, *Chicago and Alton Railroad Co.* v. *People,* 205 id. 625, and other cases, hold the terms "for educational purposes" and "for school purposes" were used interchangeably and mean the same thing. Appellant insists those cases have no bearing here because the two terms were not so used in the revision of 1909. In *Knopf* v. *People,* 185 Ill. 20, *O'Day* v. *People,* 171 id. 293, *Chicago and Alton Railroad Co.* v. *People,* 163 id. 616, (all decided prior to the passage of the 1909 revision of the School law,) it was held there were two purposes for which the school directors were authorized to levy school taxes; that the tax for educational or school purposes was to defray all the ordinary expenses of the schools, including repairs and other incidental expenses, and that the tax for building purposes was for building school houses. The present School law recognizes the same two objects for which a tax may be levied, and there is nothing in the act to affect the holding of those cases that the tax authorized

to be levied for educational purposes is for the purpose of defraying all the expense of maintaining the schools except the building of school houses. The certificates of the directors in effect said no tax for building a school house was required but the sums specified were required for the purpose of defraying all the other expenses of maintaining the schools. They did not specify the particular expenses they would incur in maintaining the schools, nor does the statute require the making of such statement. It was contemplated by the statute of 1889 and by the present act that the whole expense of maintaining the schools, outside of building houses, should be comprehended in the term "for school or educational purposes." The form of the certificate prescribed by the 1909 act uses the term "educational purposes," and, as a general rule, such requirement must be followed, but the tax is stated in the certificate to be for school purposes, and when collected can only be used for the expense of maintaining the schools other than building purposes. We see no reason to suppose that by using the term "educational purposes" in the form of the certificate under the act of 1909, the legislature intended to distinguish it from, or give it a different character from, the levy for school purposes under the act of 1889. Whether designated for educational or for school purposes, the tax is levied for the payment of the same expenses of maintaining the schools. The legislature merely used the one term in the revision of 1909 to distinguish the purpose of the levy rather than two terms as used in the law of 1889, both of which this court has held meant the same thing. The object in requiring the purpose of the levy to be designated is the protection of the tax-payer, and this was accomplished as fully by the use of one term as the other.

The judgment of the county court is affirmed.

*Judgment affirmed.*