(No. 14204.—Judgment reversed.)

THE PEOPLE *ex rel.* Ed. R. Knecht, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921.*

1. STATUTES—*when provisions of a special act are repealed or amended by general act.* The provisions of a special act may be amended or repealed by a general act either expressly or by implication from the inconsistency between the two acts, where the legislative intention to repeal or modify the provisions of the special act clearly appears.

2. TAXES—*amendment of 1891 to the School law of 1889 makes limitation of taxation under general law applicable to special districts.* The amendment of 1891 to section 7 of article 16 of the general School law, as revised in 1889, (Laws of 1891, p. 197,) brings within the terms of the general law, so far as the power of taxation is concerned, all school districts in the State, whether organized under special charters or the general law, and since the adoption of the act of 1891 all districts, whether general or special, have been subject to the same limitation.

3. SAME—*amendment of 1919 to limitation of taxation in the School law of 1909 applies to special districts.* The amendment of 1919 (Laws of 1919, p. 856,) reducing the limit of taxation for school purposes from three per cent, as provided in section 189 of the School law of 1909, to two per cent, applies to districts organized under special charters, as the act of 1909 revised the entire School law, and any amendment to the act of 1909 applies to all districts in the State.

APPEAL from the County Court of Shelby county; the Hon. A. J. STEIDLEY, Judge, presiding.

H. T. DICK, and W. C. & W. L. KELLEY, for appellant.

ROBERT I. PUGH, State's Attorney, and GEORGE B. RHOADS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

By a special act of the General Assembly approved on March 30, 1869, and adopted by a vote of the electors of the city of Shelbyville, the territory of that city was con-

stituted a union school district known as Shelbyville Graded School and governed by a board of education. (3 Private Laws of 1869, p. 422.) Among the powers conferred upon the board of education was that of levying a tax in each year for school purposes, not exceeding three per cent upon the assessed value of the real and personal property in the district. In August, 1920, the board of education levied $35,000 for building purposes and $35,000 for educational purposes, and the county clerk, by virtue of the certificate of the board, extended a tax against the real and personal property of the district at the rate of three per cent. The county collector applied for judgment at the June term, 1921, of the county court against the lands which were delinquent in the payment of this tax, and the Chicago and Eastern Illinois Railroad Company having paid two-thirds of the tax upon its property, filed objections to the remaining one-third on the ground that the board of education had no legal authority to make a levy in excess of the rate of two per cent. The objections were overruled, judgment was rendered against the property and the railroad company appealed.

The question is as to whether or not the rate which the school district is authorized to levy is governed by section 189 of the general School law, as amended on June 30, 1919.

Three years after the granting of the special charter to the Shelbyville Graded School there was a general revision of the School law, (Rev. Stat. 1874, p. 947,) which authorized the levy by the directors, for all the expenses of the district, of a tax not exceeding two per cent for educational purposes and three per cent for building purposes, but the act expressly provided that it should not be construed to repeal or change in any respect any special acts in relation to school districts, except in regard to the making of certain reports by the officers of such school districts. The School law was again revised in 1889. (Laws of 1889,

p. 256.) The revision retained the same limitation of taxation and exception of special acts in regard to school districts, but in 1891 section 7 of article 16 of this revision was amended as follows: "This act shall not be so construed as to repeal or change, in any respect, any special acts in relation to schools in cities having less than 100,000 inhabitants or incorporated towns, townships or districts (except that in every such city, town, township or district the limit of taxation for educational and building purposes shall be the same as that fixed in section 1, article 8 of this act;) and except" the other matters which had been excepted in the original act. (Laws of 1891, p. 197.) In 1909 there was another general revision of the School law, (Laws of 1909, p. 342,) section 189 of which provided that the directors or board of education in each school district should be authorized to levy a tax, annually, upon all the taxable property of the district, not to exceed one and one-half per cent for educational purposes and one and one-half per cent for building purposes.

The provisions of a special act may be amended or repealed by a general act either expressly or by implication from the inconsistency between the two acts, where the legislative intention to repeal or modify the provisions of the special act clearly appears. (*Dutton* v. *City of Aurora,* 114 Ill. 138; *McCormick* v. *People,* 139 id. 499.) In this case there is no necessity for implication, for it clearly appears by express words that the intention of the legislature by the act of 1891 was to bring within the terms of the general law, so far as the power of taxation was concerned, all school districts in the State, whether organized under special charter or the general law, and that was the effect of the act. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Randle,* 183 Ill. 364.

Section 189 of the revision of 1909 limited the rate of taxation in school districts to one and one-half per cent for educational purposes and one and one-half per cent for

building purposes, and contained a provision similar to that of the act of 1889 as amended in 1891, declaring the limit of taxation in special school districts to be that fixed by the revised act. In 1919 this rate was reduced to one per cent for educational purposes and one per cent for building purposes, "anything in any special charter to the contrary notwithstanding." (Laws of 1919, p. 856.) The appellee contends that the act of 1919, which is entitled "An act to amend section 189 of 'An act to establish and maintain a system of free schools,'" (the act of 1909,) cannot be held to reduce the limit of taxation of this school district, because to do so it must be held that section 276 of the act of 1909, which declared that the limit of taxation in special districts mentioned should be the same as that fixed in section 189, is also amended, and this cannot be held, because section 276 is neither mentioned in the title nor set out in the amendatory act. This argument is based on the claim that section 276 in the act of 1909, when it declared that the limit of taxation should be the same as that fixed in section 189, adopted that section, so far as special school districts were concerned, as it then stood and not as it might be afterward amended. *Town of Cicero* v. *McCarthy*, 172 Ill. 279, is cited in support of this position. In that case an independent act passed in 1877 provided that all cities, villages and incorporated towns in this State, whether organized under the general law or special charters, should assess and collect their taxes in the manner provided in article 8 of the Cities and Villages act. The town of Cicero was incorporated by a special charter, which contained no limitation as to the amount of taxes which might be levied and collected for the purposes of the town. When the act was passed in 1877 there was no limitation in the Cities and Villages act upon the rate of taxation, but in 1879 an amendment to section 1 of article 8 of that act imposed a limitation of two per cent upon the rate of taxation. Some years later a tax-payer filed a bill

to enjoin the collection of the excess of the town tax levied above two per cent upon the valuation of his property, claiming that the act of 1877 incorporated into the special charter of the town of Cicero the limitation added to article 8 by the amendment of 1879. The court held that an act which adopts by reference the whole or a portion of another statute means the law as existing at the time of the adoption, and does not include subsequent additions or modifications of the statute so adopted unless it does so by express or strongly implied intent, and that the amendment of 1879 did not become a limitation upon taxation in the town of Cicero. In this case the act of 1909 did not adopt another act by reference to it. There was no reference to another act but merely a declaration that the terms of the act itself, so far as they refer to the limitation of taxation, should apply to districts organized under special acts. It is immaterial whether the language used in the reference in one section to another was to the limitation as fixed by this act or by section 189 of this act. The legislature by this act revised the whole subject of schools, and the different sections of the act must all be construed together. The language used expressed the intention that special school districts should be subjected to the same limitation of taxation as districts organized under the general law, thus making the power of taxation by school districts uniform. The act in this respect applies to all school districts throughout the State, and any amendment of it in this respect is equally applicable to all. In fact, since the limitation of taxation contained in any school charter was eliminated by the act of 1891, all districts, whether general or special, have been subject since the adoption of that act to the same limitation.

The judgment of the county court will be reversed and judgment will be rendered here sustaining the objections.

*Judgment reversed.*