# The Town of Aurora *et al.*

*v.*

## The Chicago, Burlington and Quincy Railroad Company.

*Filed at Ottawa January 25, 1887.*

1. Taxation—*diversion of taxes from the purpose for which they were levied and collected—power of the town authorities—rights and remedy of the tax-payer.* Taxes levied and collected by town authorities for the purpose of paying off certain municipal bonds issued in aid of a railway company, constitute a special trust fund, and can not lawfully be used for any other purpose, even if such bonds are void. The fact that such bonds are void, will not authorize the voters of the town, at a town meeting, to appropriate such special fund to purposes of local improvement.

2. So where a special tax is levied and collected by a town to pay void bonds issued by it in aid of a railway company, and the supervisor is directed, by a resolution of the voters of the town, at their annual town meeting, to pay over such taxes to the commissioners of highways, to be used as a bridge fund, a tax-payer may enjoin such application of the fund as to the amount of such taxes paid by him. Such tax-payer will have the right to have the taxes paid by him appropriated for the purpose for which it was levied and collected.

Writ of Error to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. Isaac G. Wilson, Judge, presiding.

Mr. R. G. Montony, for the plaintiffs in error:

Taxes paid to a municipal corporation may be recovered back in assumpsit, when, and in general only when, the following requisites co-exist: First, the authority to levy the tax must be wholly wanting, or the tax itself wholly unauthorized, in which cases the assessment is not simply irregular, but absolutely void; second, the money sued for must have been actually received by the defendant corporation, and received for its own use, and not as an agent or instrument to assess and collect money for the benefit of the State or other public corporation or person; third, and the payment must have

been made under compulsion, and not voluntarily. Dillon on Mun. Corp. p. 857, sec. 751; Cooley on Taxation, chap. 34.

Here, the tax in question was paid to the town under a claim of right. There was no duress, or mistake of fact. There was no fraud or imposition practiced upon the tax-payer, and there was no failure of consideration.

Courts of equity have no jurisdiction of this class of cases to recover back money paid, the remedy being at law. *Hind-man* v. *Aledo,* 6 Bradw. 436; *Clinton County* v. *Chester,* 82 Ill. 138; *Ranson* v. *Clinton County,* 92 id. 225; High on Injunctions, secs. 1236, 1237.

Messrs. DEXTER, HERRICK & ALLEN, for the defendant in error:

On the facts stated, although the bonds are void, in the sense no judgment could be rendered on them against the town, still the town can not divert the special tax collected for the purpose of paying the bonds, from such purpose, and appropriate it to other uses.

The tax-payers, by paying this special tax, did, in fact, create a trust for the payment of the town bonds, and the town did, in fact, accept the trust, and partly performed it.

It is contended, that as complainant voluntarily paid in the money, it can not recover it back. We are not trying to recover it back, but to prevent the trustee from embezzling the fund. The fact that a person who voluntarily pays a tax can not recover it back, will not deprive him of the right to prevent its diversion to another and different purpose than that for which it was raised. *Drake* v. *Phillips,* 40 Ill. 388; *Springfield* v. *Edwards,* 84 id. 626; *Jackson* v. *Norris,* 72 id. 394; *Wright* v. *Bishop,* 88 id. 302.

Whenever a trust fails, for any reason, there is a resulting trust for the persons who created it. Perry on Trusts, sec. 160; *Bradford* v. *Chicago,* 25 Ill. 411.

Mr. Chief Justice Scott delivered the opinion of the Court:

This bill was brought by the Chicago, Burlington and Quincy Railroad Company, against the town of Aurora and the then supervisor of the town, and was to enjoin the supervisor from turning over to the commissioners of highways of the town a certain fund, designated as the "registered bond tax," and for other relief touching the same fund. That tax had been levied and collected off the tax-payers of the town for the distinct purpose of paying certain bonds that had been issued by the town under the act of February 18, 1857, to aid in the construction of the "Ottawa, Oswego and Fox River Valley railroad." The tax in controversy was levied by the proper authorities of the town in 1872, and the fund to be raised was for the specific purpose of paying off the bonds of the town that would become due in 1873. It is admitted, complainant paid a large portion of this special fund raised by the town for the special purpose of paying the aid bonds that would mature the year next ensuing. It is also admitted there is still in the hands of the supervisor an amount of this special fund, a sum in excess of the sum paid by complainant as its due proportion of this special tax. Defendants also admit that the special purpose of levying this tax was to raise a special fund to pay certain bonds that would mature July 1, 1873. It also appears that at the annual town meeting day of the town, about April 1, 1883, the electors of the town in town meeting assembled, by resolution, ordered the supervisor of the town, holding the proceeds of such tax for the town, to turn over the same to the commissioners of highways of the town of Aurora, to be kept and used by them as part of the bridge fund of such town; that all moneys put to the credit of such bridge fund are to be used solely by the highway commissioners of the town in building and keeping in repair bridges of the town which are a charge upon such town. On the final hearing of the cause in the circuit court, a decree

was entered "that the defendants be enjoined from turning over to the bridge fund of said town, according to the prayer of said bill, that part, to-wit,-$1491.40,.of the special town tax levied in 1872, as stated in said bill, paid by the complainant to the town as its part of said special tax, called in said bill 'registered bond tax,' for the purpose of paying the interest on the registered bonds of said town, and paying a portion of said bonds, as also stated in said bill and in the facts agreed upon aforesaid, and issued by said town to the Ottawa, Oswego and Fox River Valley Railroad Company, as stated in the same and in said statement of facts, and that the defendants pay the costs of this suit." That decree was affirmed by the judgment of the Appellate Court for the Second District, and defendants bring the case to this court on error.

It will be perceived, the only decree rendered by the circuit court was to enjoin defendants from turning over to the commissioners of highways of the town that portion of the "registered bond tax" that had been levied upon the property of complainant situated in the town, and collected off it, and that is so obviously correct it needs no extended discussion. The tax had been levied by the town authorities for the special purpose to raise a special fund, with which to pay certain bonds of the town that would shortly mature. Being a special fund, it could not lawfully be used for any other purpose than that for which it was raised. It was a trust fund in the hands of the town officers. They were charged by law to see to its faithful application. It is said, and the admission is, that these particular bonds have been declared by the State and Federal courts to be void, and hence it is insisted the town authorities have no right to use the funds for their payment. It may be, and doubtless is, true, no payment of these funds could be made without the consent of the tax-payer who has contributed to the funds; but if any tax-payer wishes to have the amount of the tax he has paid in, appro-

priated in that way, there is certainly no reason why he may not have it so appropriated. But placing the decision on the position taken by the town, that the bonds are void, that fact, of itself, does not authorize the voters of the town, at a town meeting, to appropriate this special fund to purposes of local improvement, and the resolution adopted, to that effect, is without authority by law.

Confining the discussion to the relief granted by the court, as should be done, other points made in the argument need not be considered.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*