The Peoria, Decatur and Evansville Railway Company

*v.*

The People *ex rel.* J. H. Isley.

*Filed at Mt. Vernon May 9, 1892.*

| | |
|---|---|
| 141 | 483 |
| 147 | 12 |
| 141 | 483 |
| 174 | 417 |
| 141 | 483 |
| 201 | ⁵352 |
| 141 | 483 |
| 207 | ⁵ 54 |
| 141 | 483 |
| 215 | 126 |

1. Town taxes—*how levied—and by whom.* The board of town auditors have no power by law to levy a town tax. Section 3, article 4, of the Township Organization law, clearly confers the power upon the electors present at the annual town meeting to direct the raising of money by taxation for all township purposes.

2. The statute makes it the duty of the town clerk to keep a record of the proceedings of every town meeting, including votes for raising money since the last annual meeting of the board, and he is required to deliver to the supervisor, before the annual meeting of the county board, certified copies thereof; and it is also made his duty to certify to the county clerk the amount of taxes required to be raised for all town purposes. Therefore, the amount of tax required is obtained by the town clerk from the proceedings of the annual town meeting.

3. A board of town auditors made out and signed a statement that at a meeting held by them, on, etc., they did "determine that twenty-five per cent of tax shall be levied on the real estate and personal property of said town, including railroad track and rolling-stock, for town purposes, and for the payment of outstanding orders drawn by them on their treasurer." The town clerk certified that the same was a true and correct copy of transcript from the original book of the records of the town. This transcript and certificate were filed with the county clerk, who extended the town tax on it, without any certificate of the town clerk of the amount to be raised by taxation: *Held*, that the tax was extended without authority of law, and was therefore unjust and void.

4. Same—*extension by county clerk—authority therefor.* Where the board of town auditors perform their duty under section 7 of article 13 of the Township law, by certifying the claims allowed by them, to the town clerk, and that officer certifies the aggregate amount thereof to the county clerk, the latter may lawfully extend such amount as town tax required to be levied, not because the auditors have the power to assess or fix the whole amount of the town tax, but because claims audited and allowed by it against the township may be certified by the town clerk and collected as other town taxes.

5. In the extension of town taxes the authority of the county clerk is the certificate of the town clerk. Without such certificate any attempt to extend such tax is illegal and void, but back of such certifi-

cate there must be a levy of the tax by the proper town authorities, for the reason that only from such levy can the town clerk obtain the amount to be certified.

6. Same—*when unjust and void.* If the right of the county clerk to extend a town tax is questioned for want of a legal levy thereof by the proper town authorities, and for want of a certificate of the amount of tax required to be levied by the proper town authorities, and the objection is well taken, the assessment will be illegal and void, and therefore unjust.

7. Levying Taxes — *errors and informalities.* Section 191 of the Revenue law, declaring that errors and informalities in the levy of taxes not affecting the substantial justice of the tax itself, can not be so construed as to hold that the mere fact that a county clerk has extended a tax is conclusive of its justice or of his right to extend the same.

8. Under section 191 of the Revenue law, errors or informalities in the proceedings of officers connected with the assessment, levying or collecting of a tax, not affecting the substantial justice of the tax itself, will not vitiate it or defeat its collection.

Appeal from the County Court of Jasper county; the Hon. B. F. Hannah, Judge, presiding.

This was an application to the county court of Jasper county, at its May term, 1891, by the collector of that county, for judgment against the property of appellant, for delinquent taxes for the year 1891. The claim was for $52.46 road and bridge tax for the town of Wade, in said county, and $75.77 town tax for that town. An objection to the first item was sustained by the county court, and is no longer an issue in the case. The objection filed to the town tax was, that it "was levied by the town auditors of said town without authority, was not certified to the county clerk as required by law, and was extended upon the books without such clerk having jurisdiction thereof, and is illegal and void."

The case was submitted for hearing on an agreed statement of facts, that part of it relating to the town tax being as follows: "That no vote was taken for the purpose of raising money for town purposes in said township of Wade for the year 1890 at the annual town meeting, nor at any other town

meeting, except at the meeting of the board of town auditors, as shown in certificate of levies; that the question of raising money for township purposes for the year 1890 was not acted upon in any way at the town meeting, nor was any vote taken directing or authorizing the town clerk of said town to certify any amount to be levied as a tax for said town for the year 1890; that a town tax for Wade township was extended on the tax books of said township by the county clerk for said year, the rate therefor being twenty-five cents on the one hundred dollars; that the only authority said county clerk had for the extension of said tax was the following certificate, filed in his office September 3, 1890: .

" 'The board of town auditors of the town of Wade met on the 2d day of September, A. D. 1890, at the town clerk's office. Present, P. R. Henry, supervisor; Neil Fisher, town clerk; S. B. Brown, justice of the peace, and T. J. Fithian, justice of the peace,—Mr. P. R. Henry acting as chairman, and Mr. Neil Fisher as clerk,—at which meeting the following proceedings were had: We, the board of town auditors of the town of Wade, have and do, at this their annual meeting, determine that twenty-five per cent of tax shall be levied on the real estate and personal property of said town, including railroad track and rolling stock, for town purposes, and for the payment of outstanding orders drawn by them on their treasurer.' (Signed by the board of town auditors.)

" 'I, Neil Fisher, town clerk of said town of Wade, do hereby certify that the foregoing is a true and correct copy of transcript from the original book of records of said town, wherein is contained the entry of records of all such matters. In witness whereof, I have hereunto set my hand and seal, this 2d day of September, A. D. 1890.

NEIL FISHER, *Town Clerk.*'

"On the back of which appears the following indorsement: 'Filed September 9, 1890.—H. K. Powell, *County Clerk.*' '

"That said certificate was the only authority said county clerk had for the extension of said town tax, and represents the only levy or attempt to levy the town tax in said township for said year 1890 ; that neither said certificate or tax, nor the amount to be raised thereby, was ordered or voted by any town meeting; that the portion of the said tax based on said levy charged against the property of the said Peoria, Decatur and Evansville Railway Company is $75.77; that the foregoing was all the evidence on the trial of said cause."

Messrs. Stevens & Horton, for the appellant:

It is a familiar rule that incumbents of offices created by statute have no powers except those expressly granted, or such as may be necessary to carry into effect a granted power. *School Directors* v. *Fogleman,* 76 Ill. 189.

In reference to the power of taxation, it is settled that it can not be exercised unless the authority clearly appears from the law. *Fisher* v. *People,* 84 Ill. 491 ; *Thatcher* v. *People,* 93 id. 240 ; *Commissioners* v. *Newell,* 80 id. 587.

The rule is, that when the requisitions prescribed are intended for the protection of the citizen, and by a disregard of which his rights may be injuriously affected, they are not directory, but mandatory. Cooley on Taxation, 215 ; *Fowler* v. *Pirkins,* 77 Ill. 271.

Mr. C. A. Davidson, for the appellee:

As to the power and mode of levying town taxes, reference is made to Rev. Stat. chap. 139, sec. 3, art. 4; sec. 9, art. 13; sec. 7, art. 9; secs. 4, 7, art. 13.

No error or informality not affecting the substantial justice of the tax will vitiate the assessment. Rev. Stat. chap. 120, sec. 191; *Thatcher* v. *People,* 79 Ill. 597; *Walsh* v. *People,* id. 521; *Buck* v. *People,* 78 id. 560.

Where the certificate is viewed in the light of the presumptions that surround the officers making it, to-wit., "it will be

presumed that a tax is just, and that all the officers connected with it properly discharged their duties," (*Railway Co.* v. *People,* 116 Ill. 404,) we must believe that this was an effort of the town board to do but their part in levying this tax.

Mr. Justice Wilkin delivered the opinion of the Court:

The only question presented by this record is, was the tax for which judgment was asked in the court below so irregularly levied as that it can not be collected. Under our present statute, errors or informalities in the proceedings of officers connected with the assessment, levying or collecting of a tax, not affecting the substantial justice of the tax itself, will not vitiate it or defeat its collection. (Rev. Stat. chap. 120, sec. 191.) Here, however, the objection goes to the right of the county clerk of Jasper county to extend the tax in question against the property of appellant, for want of a legal levy thereof by the proper town authorities, and for want of a certificate of the amount of tax required to be levied by the proper town authorities. If these objections are well taken, the assessment is illegal and void, and therefore unjust.

Section 127 of the Revenue act makes it the duty of county clerks in this State "to estimate and determine the rate per cent upon the proper valuation of property in the respective towns * * * that will produce, within the proper divisions of such county, not less than the net amount of the several sums that shall be required by the county board, or certify to them according to law." Section 122 of the same chapter provides that the proper authorities of towns, etc., shall, on or before the second Tuesday of August, annually, certify to the county clerk the amounts which they require by taxation. Section 4, chapter 139, article 12, of the Revised Statutes, requires the town clerk to certify to the county clerk, at the proper time, the amount of taxes required to be raised for all town purposes. It will thus be seen that in the extension of

town taxes the authority of the county clerk is the certificate
of the town clerk. Without such certificate any attempt to
extend such tax is illegal and void. (*Weber et al.* v. *Ohio and
Mississippi Railway Co.* 96 Ill. 451.) Back of such certifi-
cate must, of course, be a levy of the tax by the proper town-
ship authorities, because from such levy, only, can the town
clerk obtain the amount to be certified.

It being stipulated by these parties that the only authority
which the county clerk had for extending the tax in question
was the statement of the board of town auditors, certified by
the town clerk, set out in the foregoing statement of facts, the
first inquiry must be, has that board, under our statute, legal
authority to levy a township tax. The only provision of the
statute cited by appellee as conferring such power is section 7,.
chapter 139, article 13, of the Revised Statutes, which reads.
as follows:

"Sec. 7. The board shall make a certificate, to be signed
by a majority of said board, specifying the nature of the claim
or demand and to whom the amount is allowed, and shall
cause such certificate to be delivered to the town clerk of said
town, to be by him kept on file for the inspection of any of the
inhabitants of said town; and the aggregate amount thereof
shall be certified to the county clerk at the same time and in
the same manner as other amounts required to be raised for
town purposes; which shall be levied and collected as other
town taxes, except in towns mentioned in section 4, article 4,
of this act, the amounts shall be certified to the county board,
who shall include the same in their estimate of town expenses."

There is certainly nothing in the language of this section
which can be construed as authorizing the board of auditors
to levy town taxes. But it is contended by appellee, that in-
asmuch as by the preceding section of this article *all charges
and claims against their towns* must be audited by said board,
and by this section delivered to the town clerk, the aggregate
amount of which is to be certified to the county clerk, to be

levied and collected as other town taxes, such board does, in effect, fix the whole amount of tax required to be levied. The language of the section refutes this contention. It expressly says, the aggregate amount of the claims so delivered to the town clerk shall be certified to the county clerk at the same time and in the same manner as *other amounts required to be raised for town purposes,* which shall be levied and collected as *other town taxes,*—thus clearly showing that such aggregate amount is only a part of the town tax contemplated by the section. Had the auditors performed their duty under this section by certifying the claims allowed by them to the town clerk, and had that officer certified the aggregate amount thereof to the county clerk, the latter might lawfully have extended such amount as town tax required to be levied,—not because the auditors have the power to assess or fix the whole amount of the town tax, but because claims audited and allowed by it against the township may be certified by the town clerk and collected as other town taxes.

Referring to the statement upon which it is agreed this tax was extended, it will be seen that nothing whatever is said about claims against the township. It is not an attempt by the auditors to have money raised for the purpose of paying claims allowed by it against the town, and when it is said, "this certificate evidently intended to say that twenty-five cents on the one hundred dollars' worth of taxable property of the town of Wade would equal the claims and demands allowed by the board of town auditors against the town," it is assumed that the certificate was intended to say that which it does not say, and with which its language is wholly inconsistent. The statement in plain language expresses a determination of the board that a certain per cent of tax shall be levied for town purposes. No such power is given it, directly or indirectly. Moreover, section 3, article 4, of the chapter on "Township Organization," clearly confers the power upon the electors present at the annual town meeting, to direct the raising of

money, by taxation, for all township purposes. Section 2, article 12, makes it the duty of the town clerk to keep a record of the proceedings of every town meeting, including votes for raising money since the last annual meeting of the board, and by section 3 he is required to deliver to the supervisor, before the annual meeting of the county board, certified copies thereof. The next section, as above quoted, makes it his duty to certify to the county clerk the amount of taxes required to be raised for all town purposes. It seems clear, therefore, that the amount of tax required is obtained by the town clerk from the proceedings of the annual town meeting. He is the only town officer authorized to certify that amount to the county clerk. That which is called a certificate, in this case, of the amount of tax to be levied for town purposes, is in no sense that of the town clerk. His certificate is simply an authentication of the statement of the board of auditors filed in his office. He does not pretend to state what amount is required, but simply certifies that a certain statement had been filed in his office.

Again, there is nothing in the so-called certificate from which the county clerk could ascertain the amount of tax required. What is meant by "twenty-five per cent of tax shall be levied on the real estate and personal property of said town, including railroad track and rolling stock?" We may conjecture, as doubtless did the county clerk, that it was intended to mean that per cent on the taxable property of the township according to its assessed value; but it would certainly be extending section 191, *supra*, beyond its reasonable intendment, to hold that this was but an irregularity not affecting the justice of the tax itself. Every tax-payer of a township has a right to know, with reasonable certainty, what amount of township tax is being levied in his township, and to know that it has been assessed by the legally constituted authorities, before he is called upon to pay it. The judgment of the court below could only be sustained by holding that, under section 191, the mere fact that a county clerk has ex-

tended a tax is conclusive evidence that it is just. This, clearly, is not what is meant by that section. We are unable to find any authority of law for the assessment of this tax.

The judgment of the county court will be reversed.

*Judgment reversed.*