Patrick O'Day *et al.*

*v.*

The People *ex rel.* Charles Kinsey, County Collector.

*Opinion filed February 14, 1898.*

1. SCHOOLS—*construction of statute authorizing school tax levy.* The words "for building purposes," used in the statute fixing the maximum of school taxes, (Laws of 1889, p. 316, sec. 1,) are special, and apply solely to the building of school houses and matters incident thereto, while the words "for educational purposes," in the same section, are general, and apply to all other matters for which the directors may levy taxes.

2. SAME—*what matters not included in term "for building purposes."* The cost of a small coal-shed, expenses for painting and papering the school house, for building a porch, for lumber and flooring, for stoves and stove repairs, janitor service and fuel, cannot be included in a tax levy "for building purposes," but must be included in the two per cent levy "for educational purposes."

3. SAME—*"building order," paid out of general fund, will not support tax levy for building purposes.* An order issued on account of the build-

ing of a school house, which is paid by the school treasurer out of general funds, will not support a subsequent tax levy "for building purposes," made to replace the amount so paid, particularly where an amount sufficient to pay the entire cost of the building has already been raised by such a tax.

APPEAL from the County Court of Mercer county; the Hon. J. H. CONNELL, Judge, presiding.

SCOTT & COOKE, for appellants.

BROCK & GRAHAM, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The school directors of district No. 5, township 14, north, range 2, west, in Mercer county, attempted to levy certain school taxes for the year 1896. The amount thereof, as certified to the county clerk, was duly extended against the real estate situated in the district, which included the lands of the appellants. Of the school taxes so assessed the appellants paid all but $54.90, and when judgment was asked by the county collector for said balance, which had been returned delinquent, they appeared and filed objections. On the hearing these were overruled by the court, and, judgment being entered as prayed, the appellants prosecute this appeal.

The certificate on which the tax is extended calls for two per cent for school purposes and $800 for building purposes. The rate as computed by the county clerk is $2.00 for school purposes and $2.40 for building purposes, making a total of $4.40 on each $100 of valuation. The taxes levied for school purposes were paid by the appellants, and the amount for which judgment was rendered represents the tax assessed at the rate of $2.40 for building purposes. This part of the tax is claimed to be invalid, on the ground that under the facts in this case the directors had no authority to levy it.

The facts are, as shown by the evidence, that in 1893 the school house in the district was enlarged by the addi-

tion of a second story, at a cost of between $700 and $800. This was done without a vote of the people. For the year 1894 a tax was levied and collected of two per cent for school purposes and $800 for building purposes. For the year 1895 likewise a tax of two per cent for school purposes and $800 for repairing was levied and collected. In 1896 there was still outstanding an order for $500 issued on account of the rebuilding of said school house, which order was taken up and paid by the treasurer on April 4, 1896, out of general funds. As further shown by the evidence, the purpose of the levy of $800 in 1896, for building purposes, was to replace said sum of $500, and also to pay for building a small coal-house, for painting and paper-hanging, for lumber and flooring, for building a porch, for stoves and repairs on the same, and for fuel and janitor service, which expenses aggregated $385.82. The contention of appellants is that these various items are not "building purposes," within the meaning of the law, and that the directors are not empowered to make a levy in excess of the two per cent allowed for school purposes, in order to pay them. The full two per cent was levied and collected for school purposes, therefore if the part of the tax which is now in question be sustained it must be on the theory that the law allows the above items to be included in the additional three per cent to be levied for building purposes.

The statute, after specifying in detail the items for which school taxes may be levied, puts a limitation upon the amount of such levy in the following language, viz.: "Not to exceed two per cent for *educational* and three per cent for *building* purposes, except to pay indebtedness contracted previous to the passage of this act, the valuation to be ascertained by the last assessment for State and county taxes." (3 Starr & Curtis, p. 3706, par. 202.) The wording of this section is peculiar, in that it places a limitation of two per cent on the tax for *educational purposes* and allows three per cent additional for *building*

*purposes.* The expressions *educational* and *building pur-
poses* do not, if taken literally, cover all of the purposes
for which school taxes may be lawfully levied. It would
be difficult to place the items of fuel, janitor service or
stove repairs under either of these heads, yet no one would
doubt that these limitations cover every purpose for
which a school tax can be levied, except it be to pay
indebtedness contracted prior to the passage of the act.
The items for which the tax in question is sought to be
levied must be referred to one or the other of these heads,
and as the tax for educational purposes is already up to
the full limit, unless it can be said that these items are
for *building purposes* this part of the tax must fall.

The School law of this State has been frequently re-
vised, and in such of the enactments as put a limitation
upon the taxing power of the school authorities it has
been usual to fix the limit at a certain amount for school
purposes generally, and to allow a larger amount to be
levied for the special purpose of building school houses.
By the revision of 1847 a limitation of fifteen cents on the
$100 of valuation was fixed for school purposes, while the
tax was allowed to reach fifty cents on the $100 for build-
ing purposes. (Sess. Laws of 1847, p. 146, sec. 111.) Then
during several revisions the limitation seems to have
been omitted, until in 1865 it was again fixed at three per
cent for building purposes. (Sess. Laws of 1865, p. 119,
sec. 17.) By the general revision in 1872 the statute was
enacted substantially in its present form. (Sess. Laws of
1871-72, p. 700.)

. In view of the previous legislation, and of the public
policy of this State as indicated thereby, we have no
doubt it was the intention of this statute that all of the
current ordinary expenses of the schools, including ordi-
nary repairs, were to be covered by the taxes to be levied
within the two per cent for *educational purposes*, and that
the additional taxes to be levied within the additional
three per cent for *building purposes* were intended only to

provide the means necessary to meet the special occasion of the building of a school house. The proper construction of this statute is, that the words "for building purposes" are special, and apply solely to the building of school houses and matters incident thereto, while the words "for educational purposes" are general, and apply to all matters for which a board of directors may levy school taxes. This view is strengthened by the fact that in the following section of the statute, where the form of the certificate of levy is given, use is made of this language: "We require the sum of..........dollars to be levied as a special tax for *school purposes* and........dollars for *building purposes.*" This indicates that the words "for school purposes" and "for educational purposes," as used in the preceding section, are synonymous. We are also led to this conclusion the more readily by reason of the fact that when the law has given the power to levy a tax of two per cent it has made a liberal provision for the support of the schools. It could hardly have been intended that for such ordinary expenses as are shown in this case, school directors were to be clothed with the power of levying a tax up to five per cent of the value of the taxable property of the district. The constitution fixes the limitation on the indebtedness which the district may incur at five per cent. It never was the intention of the legislature by this statute to put it in the power of the school board to annually levy a tax for ordinary expenses equal to the total amount for which the district might in any event become indebted. The intention was to confine the directors, ordinarily, within the two per cent, but to clothe them with the additional power to make a larger levy in special cases, as in the case of the building of a school house.

It is not necessary in this case to determine whether school taxes for building purposes can be levied without a vote of the people, nor is it necessary to define all those things which might come properly within the scope of

"building purposes," as the term is used in this statute. It is sufficient that the items of expense and repairs above enumerated, for which this tax is sought to be levied, do not fall within the same. Neither does the order drawn several years before, for the re-building of the school house. If that order ever justified an additional levy over the two per cent, it should have come out of the taxes of 1894 or 1895, each of which contained an item of $800 over and above the usual two per cent. Furthermore, the order has been paid. It could therefore support no tax levy.

The interpretation we have given the statute is the one which, as we understand, has generally been accepted as the true one, and which the officers of the law charged with the duty of levying and extending school taxes have generally acted upon. It is also in conformity with what we said in the case of *Chicago and Alton Railroad Co.* v. *People*, 163 Ill. 616, holding that "heating and repairing" do not come within the scope of "building purposes," but that they are such ordinary and incidental expenses as must be brought within the tax levied for "educational" or "school purposes," as used in said statute.

The position is taken that the record does not show that the appellants have any interest, as owners or otherwise, in the tract of land taxed, and therefore are in no position to ask for a reversal of the judgment below. This is a misapprehension. The bill of exceptions, by a direct reference, designates the land as the real estate owned by the objectors.

The judgment of the county court was only as to that part of the tax which was invalid, and as nothing could hereafter validate it, the judgment will be reversed without remanding the cause.          *Judgment reversed.*