187  289|
205  ²642|

THE WABASH RAILROAD COMPANY

v.

187  289|
215  ²131|

THE PEOPLE *ex rel.* Patterson, County Collector.

*Opinion filed October 19, 1900.*

1. TAXES—*tax to pay improvement bonds is not included in statutory limit on city taxes.*  In determining whether the amount levied by an appropriation ordinance exceeds the statutory limit of two per cent, an amount levied to pay bonds and interest, issued to raise money to pay for an improvement built by general taxation, should be excluded.

2. SAME—*what objects are not properly "building purposes."*  The placing of a steam heating apparatus in a school building, to re-place an old one; the re-construction of a part of the basement; changing the system of drainage in the basement and constructing a stone walk around the school building, are matters which should be provided for under the tax levied for "educational purposes," and not for "building purposes."

APPEAL from the County Court of Moultrie county; the Hon. JOHN D. PURVIS, Judge, presiding.

This is an appeal from a judgment of the county court of Moultrie county, rendered against the property of the appellant·company at the June term, 1899, upon the application of the county treasurer or collector for judgment against lands reported delinquent for the taxes of 1898.

Seven objections were filed by the appellant to the rendition of judgment against its property.  All of these objections were sustained by the trial court, except the second and fourth which were overruled; and an excep-tion to the overruling of the same was duly entered by appellant.

E. J. MILLER, for appellant:

A school board or board of school directors has no au-thority to levy a tax for building purposes except ·by a vote of the tax-payers.  *Greenwood* v. *Gmelich,* 175 Ill. 526.

187—19·

Boards of education in cities and school directors and township boards of education have the same powers, so far as raising a building fund is concerned, and none of them can do it without a vote of the people expressly authorizing it. *Greenwood* v. *Gmelich*, 175 Ill. 526; *Beverly* v. *Sabin*, 20 id. 357; *Pennington* v. *Coe*, 57 id. 118; *Thatcher* v. *People*, 93 id. 240; *School Directors* v. *Fogleman*, 76 id. 189; *Railroad Co.* v. *People*, 163 id. 616.

The levy was made to pay for building a sidewalk, making repairs to school buildings and putting in steam heat in the north building; also for paying $500 interest on bonds, and paying $2000 of bonds which mature in 1899. The above purposes are not building purposes, but educational purposes. *Railroad Co.* v. *People*, 163 Ill. 616; *Weber* v. *Railroad Co.* 108 id. 451; *Railroad Co.* v. *People*, 155 id. 276; *Railroad Co.* v. *People*, 147 id. 196; *Thatcher* v. *People*, 93 id. 240.

W. K. WHITFIELD, State's Attorney, JOHN V. BURNS, and FRANK SPITLER, for appellee:

When the school board has ascertained the amount necessary to be raised and has certified the same, within the limitations fixed by the statute their determination of the amount required, as shown by their certificate, is conclusive. *Lawrence* v. *Traner*, 136 Ill. 486.

When taxes levied for a proper purpose by a body authorized by law to impose them do not exceed the amount or rate allowed by law, even the fact that it may be proposed to divert them to another purpose, and even though such purpose be illegal, will not authorize a court of equity to restrain their collection. After the collection of the tax, equity will interpose and prevent its misappropriation. *Lemont* v. *Stone Co.* 98 Ill. 94; *Lawrence* v *Traner*, 136 id. 483.

It is unlawful for a board of directors to purchase or locate a school house site, or to purchase, build or move a school house, without a vote of the people, (Rev. Stat.

chap. 122, art. 5, sec. 31,) and it is also unlawful for them to borrow money, issuing bonds therefor, in order to furnish money for building school houses or purchasing school sites; or to borrow money, and to issue bonds therefor, with which to repair and improve school houses and school house sites, without a vote of the people, (Rev. Stat. chap. 122, art. 9, sec. 1,) but the law makes it their duty to establish and maintain free schools for the number of months, annually, fixed by the statute, and to pay the necessary amount required for that purpose, and clothes them with the necessary discretion and power to raise sufficient money, by taxation, for the foregoing purposes, and to discharge the duty thus imposed by a levy, annually, of not more than two per cent for educational and three per cent for building purposes, without a prior vote of the people. Rev. Stat. chap. 122, art. 8, secs. 1, 2.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—Appellant's fourth objection as made in the trial court is, that the city tax of the city of Sullivan, as extended against appellant's property, is in excess of the amount allowed by law to the extent of $63.46; and, therefore, appellant objects to the payment of $63.46 of said city tax.

Section 1 of article 8 of part 1 of the City and Village act contains the following proviso, to-wit: "The aggregate amount of taxes levied for any one year, exclusive of the amount levied for the payment of bonded indebtedness or interest thereon, shall not exceed the rate of two (2) per centum upon the aggregate valuation of all property within such city or village, subject to taxation therein, as the same was equalized for State and county taxes for the preceding year." (1 Starr & Curt. Ann. Stat. —2d ed.—p. 734).

If we understand the objection made by counsel for appellant, it is that the amount levied by the appropriation

ordinance of the city of Sullivan for the year 1898 exceeded the two per cent mentioned in the proviso above quoted. It is stipulated and agreed between the parties hereto, that the total assessed value of all the property within the city of Sullivan for the year 1897, upon which the assessment for the year 1898 was based, was $224,938.00. Two per cent of this amount is $4498.76. Section 1 of the ordinance in question ordains that the sum of $5541.00, being the total amount of the appropriation theretofore made for corporate purposes for the city of Sullivan, and to be collected on the tax levy of the current fiscal year of said city, should be and the same was thereby levied and assessed, etc. As $5541.00 exceeds $4498.76, the levy is claimed to be excessive.

The ordinance in question contains the items, which go to make up the said sum of $5541.00. Among these items is an item of $1200.00 for "paving bonds and interest." If the item of $1200.00 is deducted from the sum of $5541.00, there remains $4341.00, which is less than $4498.76, the two per cent above mentioned. It will be noted, that the proviso above quoted states, that the aggregate amount of taxes, levied for any one year "exclusive of the amount levied for the payment of bonded indebtedness or interest thereon," shall not exceed the rate of two per cent, etc. The limit, prescribed by the statute, is two per cent after taking out the amount levied for the payment of bonded indebtedness and interest thereon. The item of $1200.00 is for bonded indebtedness and interest. It is, therefore, proper to deduct that item, and, when such deduction is made, the remainder is within the limit prescribed by the statute. It appears that the city resorted to general taxation to pay for paving certain street intersections, and for ten per cent of the balance of the entire work in paving, and issued bonds in payment therefor. Cities are vested with power to make local improvements by general taxation, as well as by special assessment or by special taxation. It follows,

that the fourth objection, urged by the appellant in the court below, was without force, and that the county court committed no error in overruling it.

*Second*—Appellant's second objection, as made in the. trial court, is that the school tax, levied by the board of education in the district of the city of Sullivan—being school district No. 1, township 13 north, range 5 east of the third principal meridian, in Moultrie county—as said tax is extended against appellant's property, is in excess of the amount allowed by law to the extent of $192.21; and, therefore, appellant objects to the payment of $192.21 of said school tax. In other words, the contention of appellant is, that the school tax, levied against its property, is, to the amount of $192.21, in excess of the two per cent limit fixed by law upon the annual tax for school purposes.

Section 1 of article 8 of the School law of 1889 is as follows: "For the purpose of establishing and supporting free schools, for not less than five, nor more than nine months in each year, and defraying all the expenses of the same of every description; for the purpose of repairing and improving school houses, or procuring furniture, fuel, libraries and apparatus, and for all other necessary incidental expenses in each district, village or city, anything in any special charter to the contrary notwithstanding, the directors of such district, and the authorities of such village or city shall be authorized to levy a tax annually upon all the taxable property of the district, village or city, not to exceed two per cent for educational, and three per cent for building purposes, except to pay indebtedness contracted previous to the passage of this act; the valuation to be ascertained by the last assessment for State and county taxes." (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3706).

Section 2 of article 8 provides as follows: "The directors of each district shall ascertain, as near as practicable, annually, how much money must be raised by

special tax for school purposes during the ensuing year, which amount shall be certified and returned to the township treasurer on or before the first Tuesday in August, annually. The certificate of the directors may be in the following form, viz.: We hereby certify that we require the sum of ........ dollars to be levied as a special tax for school purposes, and ........ dollars for building purposes, on the taxable property of our district, for the year A. D. ......" (Ibid. pp. 3706, 3707).

In the case at bar, the certificate of levy was made by the board of education of said school district as follows: "We hereby certify that we require the amount of five thousand ($5000.00) dollars to be levied as a special tax for educational purposes, and six thousand ($6000.00) dollars for building purposes, on the taxable property of our district, for the year 1898." It will thus be noted, that the certificate of levy certifies that the sum of $5000.00 is required to be levied as a special tax for educational purposes. The amount, so to be levied for educational purposes upon all the taxable property of the district, must not exceed two per cent of the valuation to be ascertained by the last assessment for State and county taxes. It is stipulated and agreed between the parties here, that the total assessed value of all property in the said school district was $257,598.00. Two per cent of this amount is $5151.96. It thus appears that the $5000.00 required by the certificate of levy, is less than two per cent of the total assessed value of all property in the district, and, therefore, is within the limit of two per cent fixed by section 1 of article 8.

But the certificate of levy further certifies, that $6000.00 is required to be levied as a special tax for building purposes. The contention of appellant is, that at least $3500.00 of this $6000.00 is not really for building purposes, but for educational purposes; and that said sum of $3500.00, being in excess of the two per cent limit fixed by the statute as the rate of taxation for educa-

tional purposes, is illegal. If this be so, then it follows that appellant is improperly taxed the sum of $192.21, being the proportion of the alleged illegal excess, amounting to $3500.00, which appellant is required to pay.

It certainly cannot be true, that the school board has the right to evade the law by levying a tax for school purposes in excess of the statutory limit of two per cent under the guise of a tax for building purposes. A tax for building purposes is one thing, and a tax for educational or school purposes is another; and, even if the two per cent, allowed as the amount of the tax for school purposes, is not sufficient, a greater amount cannot be raised by levying a further tax and calling it a tax for building purposes. If any portion of the $6000.00, purporting to be levied for building purposes, is in fact for school purposes and to be used as such, then such portion of the $6000.00 is improperly and illegally levied.

The real question, then, under this branch of the case, is whether the purposes, for which the tax of $6000.00 has been levied, are educational purposes or building purposes.

In 1894 the people of said school district voted for the issuing of school bonds to the amount of $10,000.00, each bond being for the sum of $1000.00. The first two of these bonds were to become due in 1899. Twenty-five hundred dollars of the $6000.00, required for building purposes, was to be applied to the payment of the principal of two of these school bonds falling due in 1899, and $500.00 of interest upon the whole amount issued. It is not necessary for us to decide whether or not the sum of $2500.00, included in the $6000.00, and levied for the purpose of paying two of these school bonds and interest thereon, comes within the meaning of "building purposes," as used in the statute. It is sufficient for the purposes of this case to regard this $2500.00 as being for "building purposes," because the appellant admits that this portion of the tax, amounting to $2500.00, was prop-

erly levied, and it has paid its proportion of the tax which applies to this amount.

The balance of the $6000.00, after taking out the sum of $2500.00, was to be appropriated to the placing of a steam heating apparatus in the school building in place of the old one which had become useless, and to the re-construction of a part of the basement in the school building, which had become deficient and had been torn up, and to the making of a change in the system of drain-ing the basement, and also to the construction of a stone walk around the school house. The objects, to which this balance of the $6000.00, amounting to $3500.00, was to be applied, come within the current ordinary expenses of the school, including ordinary repairs, and, as such, are covered by the taxes to be levied within the two per cent for educational purposes.

In the recent case of *O'Day* v. *People*, 171 Ill. 293, we held that the cost of building a small coal house, of paint-ing and papering the school house, of lumber and floor-ing, of building a porch, of stoves and repairs on the same, and of fuel and janitor service, cannot be included in a tax levied for "building purposes," but must be in-cluded in the two per cent levied for "educational pur-poses." In *O'Day* v. *People, supra,* we said (p. 296): "In view of the previous legislation, and of the public policy of this State as indicated thereby, we have no doubt it was the intention of this statute that all of the current ordinary expenses of the schools, including ordinary re-pairs, were to be covered by the taxes to be levied within the two per cent for 'educational purposes,' and that the additional taxes to be levied within the additional three per cent for 'building purposes' were intended only to provide the means necessary to meet the special occa-sion of the building of a school house. The proper con-struction of this statute is that the words 'for building purposes' are special, and apply solely to the building of school houses and matters incident thereto, while the

words 'for educational purposes' are general, and apply to all matters for which a board of directors may levy school taxes. * * * The words 'for school purposes' and 'for educational purposes,' as used in the preceding section, are synonymous. We are also led to this conclusion the more readily by reason of the fact that, when the law has given the power to levy a tax of two per cent, it has made a liberal provision for the support of the schools. It could hardly have been intended that, for such ordinary expenses as are shown in this case, school directors were to be clothed with the power of levying a tax up to five per cent of the value of the taxable property of the district. The constitution fixes the limitation on the indebtedness which the district may incur at five per cent. It never was the intention of the legislature by this statute to put it in the power of the school board to annually levy a tax for ordinary expenses equal to the total amount for which the district might in any event become indebted. The intention was to confine the directors, ordinarily, within the two per cent, but to clothe them with the additional power to make a larger levy in special cases, as in the case of the building of a school house." The purposes, to which the sum of $3500.00, here sought to be raised under the name of a tax for building purposes, is to be applied, come within the class of repairs which, in the *O'Day case*, were held to be covered by the taxes levied within the two per cent limit for "educational purposes." Inasmuch, therefore, as at least $3500.00 of the $6000.00, levied for building purposes, was, as matter of fact, to be used for school purposes, that much of the tax levy of $6000.00 is illegal. We are of the opinion, that the tax of $192.21, levied upon the property of the appellant, was improperly levied for the reason above stated. A school board has no right to levy a building tax of $6000.00 to be used for purposes, which come within the description of "educational purposes" according to the language of the statute. (*Town*

*of Aurora* v. *Chicago, Burlington and Quincy Railroad Co.* 119 Ill. 246).

In view of what has been said it is unnecessary to discuss the question, whether school taxes for building purposes can be levied without a vote of the people or not, inasmuch as the tax here objected to is illegal as being in excess of the statutory limit. (*O'Day* v. *People, supra*).

For the error in overruling the appellant's objection to the school tax levied against its property so far as said school tax included said sum of $192.21, the judgment of the county court is reversed; and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*