THE ILLINOIS SOUTHERN RAILWAY COMPANY

*v.*

THE PEOPLE *ex rel.* William Ebers, County Collector.

*Opinion filed April 17, 1905.*

1. TAXES—*when district road tax is invalid.* A district road tax is invalid where the district clerk files with the county clerk the original certificate of levy made by the commissioners instead of certifying the levy himself, and the irregularity cannot be cured, on application for judgment of sale, by allowing the district clerk to make and file a proper certificate.

2. SAME—*filing new instrument of a different purport is not an amendment.* If the instrument filed in attempted compliance with the law is so defective or inapplicable that an entirely new instrument of different purport must be made in order to comply with the law, the making of such new instrument cannot be said to be an "amendment," within section 191 of the Revenue act.

3. SAME—*what essential to authorize extension of district road tax.* To authorize extension of a district road tax the commissioners must make their certificate of levy and deliver it to the road district clerk, who must certify the levy so made to the county clerk.

4. SAME—*what is not a sufficient levy of district road tax.* In the absence of any certificate of the levy of a road district tax by the commissioners the road district clerk has no authority to certify a levy to the county clerk, since the certificate of the commissioners is the only legal evidence of their action in making the levy.

5. SAME—*when certificate of school tax levy may be amended.* A school tax levy certificate made by the secretary of the board of education and signed by the president and secretary of the board, although they are not so designated, may be amended, on application for judgment of sale, by allowing the other members of the board to sign it, where they testified they were present and would have signed it when it was made had they known it to be necessary, and where the record of the meeting shows that the secretary was authorized to make and file the certificate.

6. SAME—*when school tax for "building purposes" is not valid.* A tax stated in the certificate to be for "building purposes" cannot be sustained where the evidence shows there was no vote authorizing the building of a school house and no intention to build one, the purposes of the tax being for repairs, building of out-houses and laying sewer pipe, and where, also, there is no evidence that if the amount so levied were added to the amount levied for "school purposes" the limitation on tax for the latter would not be exceeded.

WRIT OF ERROR to the County Court of Randolph county; the Hon. S. L. TAYLOR, Judge, presiding.

WILSON, WARREN & CHILD, for plaintiff in error.

J. B. SIMPSON, State's Attorney, (A. E. CRISLER, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This writ of error is prosecuted from a judgment for certain taxes rendered against plaintiff in error by the county court of Randolph county. The taxes objected to were the road taxes of districts No. 1 and No. 10 in said county, and the school taxes for district No. 77.

Randolph county is not under township organization, and by statute the county is divided into road districts composed of territory not less than a Congressional township, where practicable, and the districts are designated by number. Three commissioners of highways are elected for each district, and also a district clerk, who is *ex officio* treasurer of the board. By paragraph 171 of chapter 121 of Hurd's Statutes of 1903 the clerk is required to certify to the county clerk the amount of taxes to be raised for district purposes. The commissioners are required to hold meetings on the second Tuesdays of March, June, September and December, and at the September meeting they are required to determine what per cent shall be levied on the property of the district for roads and bridges. By paragraph 189 (section 63) of the act it is provided: "The commissioners at said meeting shall make a certificate of the rate percentum finally agreed upon by virtue of section 62 of this act, and shall cause such certificate to be delivered to the district clerk, to be kept by him on file for the inspection of the inhabitants of said district; and the district clerk shall at once certify the said levy to the county clerk to be by him extended separately upon the collector's book of said district to be collected as other

taxes," etc.   In district No.. 10 the commissioners met on the day required by law, made a levy of fifty cents on the $100 of valuation for road and bridge purposes, and made and signed and delivered to the clerk a proper certificate, but the clerk, instead of keeping the certificate, as made by the commissioners, "on file for the inspection of the inhabitants of said district," and instead of certifying the levy to the county clerk as required by the statute above quoted, forwarded to the county clerk the original certificate made by the commissioners.   The tax was extended, and to it plaintiff in error objected.   On motion of the State's attorney, and over the objection of plaintiff in error, the road district clerk was allowed, at the hearing, to make, and there was filed in the cause, a proper certificate of said levy, and the objection of plaintiff in error was overruled and judgment rendered for the tax.

The objection should have been sustained.   The road district clerk did not certify to the county clerk the per cent of the levy or that any levy had been made.   There was no attempt on his part to comply with the requirements of paragraph 189, *supra*.   The sending of the original certificate made by the commissioners that was required to be kept on file in the office of the clerk cannot be held to be a compliance with the requirement of the statute that the clerk "shall at once certify the said levy to the county clerk."   The paper filed with the county clerk by the road district clerk had no place or business in those files or in that office, but was to remain in the office of the town clerk.

While, under section 191 of the Revenue act, liberal intendments and amendments are to be allowed in favor of the tax, the authorities are uniform that before an amendment can be allowed to cure an alleged defect there must be an attempt to comply by filing the thing required by the law to be filed, but because of some informality or clerical error the thing or paper filed in the attempted compliance is insufficient, under the law, for the purpose for which it is desired

to be used. The filing of one paper of one kind,—as in this case, the certificate of the commissioners of highways,—when the statute requires another paper of another kind, namely, the certificate of the clerk, cannot be held to be an attempted compliance with the statute or the filing of such paper as will authorize an amendment. The word "amendment" must be given its ordinary significance, and when the paper or instrument is so defective and so inapplicable to the requirement that no part of it can be used but that an entirely new instrument of a different purport must be filed, such new instrument cannot be said to be an amendment of the other. *Peoria, Decatur and Evansville Railway Co.* v. *People,* 141 Ill. 483; *Indiana, Decatur and Western Railway Co.* v. *People,* 201 id. 351; *Village of Russellville* v. *Purdy,* 206 id. 142; *Chicago and Eastern Illinois Railroad Co.* v. *People,* 200 id. 237; *Lake* v. *Morse,* 11 id. 587; *Henckler* v. *County Court,* 27 id. 39.

In road district No. 1 the commissioners met upon the day required by law, and a motion was made and seconded "that we ask for fifty cents on each $100 on the taxable property, both personal and real, in township 45, road district No. 1." This being a regular meeting of the commissioners, that motion was properly entered of record by the clerk. No certificate, however, of the levy was made or signed by the commissioners, or by any one upon their authority or directions, and no such certificate was filed with the road district clerk. The clerk, however, wrote to the county clerk as follows: "Dear Sir—I write you to ask for commissioners of road district No. 1, asking for a levy of fifty cents on each $100 valuation.—Respectfully yours." Upon this letter the tax was extended, and objected to by plaintiff in error, and on motion of the State's attorney, upon the hearing and over the objection of plaintiff in error, the clerk was allowed to make, and there was filed, his certificate in due and regular form and order. No certificate of levy by the commissioners was made or filed. The objection was

overruled and a judgment for the tax entered. This, also, was error. Under the provisions of the statute it is clear that two things are necessary to be done in order to authorize the extension of such tax: First, the commissioners must make their certificate of levy, and deliver or cause the same to be delivered to the road district clerk; and secondly, the clerk must certify the levy so made to the county clerk. While the certificate made by the commissioners' clerk to the county clerk was such a one as could have been amended if the levy had been properly made, it was not authorized to be done in this case, because, within contemplation of law, no levy was made at any time, and to have the clerk certify that one was made was to certify what the records showed was not true. The road district clerk could not levy the tax,—he could only certify the levy when it was made by the proper authorities. If not made by the proper authorities then he could not certify it at all. The essence of the levy was the action of the commissioners, and the only legal evidence of that action, as determined by the statute, is the certificate of the commissioners of the levy. Without such certificate the clerk, as a matter of law, did not and could not know and could not certify that a levy had been made. (*Chicago and Eastern Illinois Railroad Co.* v. *People, supra; Weber* v. *Ohio and Mississippi Railway Co.* 108 Ill. 451; *Indiana, Decatur and Western Railway Co.* v. *People, supra.*) The court erred in entering judgment for this tax.

The city of Chester is in school district No. 77. They have there a board of education which seems to consist of five members, of which W. A. Pinkerton is president and P. N. Holm is secretary. The board met on August 4, 1903, and the following proceedings, among others, were had: "And now the board being fully advised as to the amount necessary to maintain our schools in manner and for the length of time as last year, a motion is made that we order a levy of $5000 for general school purposes and $3000 for building purposes; and the motion being duly seconded,

and on call of the roll of the members present, they all vote 'aye,' and the motion is declared duly carried, and the secretary is ordered to file proper certificate of levy with our township treasurer at once." In attempted compliance with this order the clerk of the board, on the same evening and after the board meeting adjourned, prepared a certificate in the form prescribed by the statute, which was signed "W. A. Pinkerton, P. N. Holm, members board of education district No. 77," etc. In the certificate it is stated that $5000 is levied "for school purposes" and $3000 "for building purposes." Plaintiff in error objected to this tax on the ground that the clerk had no authority to extend the tax and no proper certificate authorizing its extension, and that the $3000 mentioned in the certificate for building purposes was illegal and void, for the reason that its levy was not authorized by a vote of the people, and for the further reason that, although designated as a building tax, it was not, in fact, levied for the purpose of building a new school, but was for repairs and out-buildings. At the hearing all the members of the board seem to have been present, and testified that if they had known it was necessary they would have signed the certificate at the time the levy was made, and it was stipulated that of the tax objected to, $155.53 was levied for school purposes and $93.32 for building purposes, and plaintiff in error paid the first item and refused to pay the second. It was also shown by the evidence that the $3000 designated in the certificate as "for building purposes" was, in fact, to be used for "repairs, building of out-houses, water-closets and sewer pipe, and for heating apparatus." Over the objection of plaintiff in error, and upon the hearing, the board of education was allowed to amend the certificate of levy by the addition of the three names of the members of the board who had not signed the same. The court overruled the objections of plaintiff in error to the item of tax levied for building purposes and entered judgment for the same, and plaintiff in error excepted.

Pinkerton and Holm did not purport to sign the certificate as president and secretary of the board, or, at least, did not there so designate themselves; but being the proper officers and the record of the board showing that the secretary was authorized to file the proper certificate, it might be held that if the certificate was not, in fact, sufficient, it was an attempt to comply with the law, and such a certificate as might be amended in that regard. (*People* v. *Chicago and Northwestern Railway Co.* 183 Ill. 311.)   The exact question here presented does not seem to have been passed upon by this court, but the case last above cited would seem to support the conclusion here reached.

In *People* v. *Smith,* 149 Ill. 549, a very similar state of facts existed, and the same objection as to the certificate that is made here was there presented, and in that case special note was made of the fact that in the proceedings of the board no order or direction that the certificate contemplated by the statute should be filed, or any attempt to authorize any person or persons to file the same, appeared in the record. The certificate there was held insufficient, and it was further held it was not error to refuse to allow it to be amended.

In *Chicago and Northwestern Railway Co.* v. *People,* 183 Ill. 247, which involved a levy for school purposes as in the case at bar, the certificate was made at the meeting of the board when the levy was made and was signed by the president and secretary, each designating himself in the certificate as such officer.   It also appeared in the evidence that the members of the board were present at the meeting and that they would have signed the certificate had they understood it necessary for them to do so.   The court allowed the certificate to be amended under that state of facts, and we affirmed the judgment.   Similar holdings have been made in *Spring Valley Coal Co.* v. *People,* 157 Ill. 543, and *Chicago and Alton Railroad Co.* v. *People,* 171 id. 544.

Holding, as we do, that it was proper, under the evidence in this case, to amend the certificate of levy by the addition

of the names of the other members of the board, we are still confronted with the further and more serious objection urged to this tax. It is shown by the evidence that no vote authorizing a levy for the building of a school house was had. In fact, it is shown conclusively that it was not the intention to build a school house, but that the $3000 that was levied "for building purposes" was intended for repairs, etc., as we have hereinabove stated. In *Chicago and Alton Railroad Co.* v. *People,* 163 Ill. 616, substantially the same question was presented. There a proper certificate was made showing a levy of $1800 for school purposes and "$1200 for heating and repairing purposes." The tax was objected to, and it was held that as the form of the certificate was prescribed by the statute the provision was mandatory, and that the certificate must comply with the statute. The certificate as prescribed by the statute, so far as material, is: "We hereby certify that we require the sum of ...... dollars to be levied as a special tax for school purposes and ...... dollars for building purposes on the taxable property of our district." It will thus be seen that in the certificate as prescribed there is no blank for the levying of taxes for "repairing and heating purposes," as was attempted to be done in that case under a separate head. It also appeared in that case that the board had levied all the tax it could levy, the limitation being two cents on the $100, for "school purposes" outside of the sum that was designated as for "repairing and heating purposes," and the question was considered whether the term "repairing and heating purposes" was and could be construed to mean the same as "for building purposes." The question is very fully considered, and the conclusion is that the terms do not represent the same thing, and that heating and repairing of school houses are matters that are incidental to the conduct of the school, and are embraced within the expression contained in the first clause of the certificate of levy, "for school purposes," and that it was the intention of the law-makers to keep the two purposes separate and distinct, so that the

tax-payers and tax officers could know, from the certificate, that it was proposed to build school houses where a tax for building purposes was levied, and that as the first item of the levy in that case brought the tax up to the extent of the limit authorized by law, the tax for heating and repairing purposes could not be sustained, either as a tax for building purposes or as a tax for the incidental purposes of the school. *O'Day* v. *People,* 171 Ill. 293; *Wabash Railroad Co.* v. *People,* 187 id. 289.

In the case at bar, then, reversing the argument in the case last cited, we have the defendant in error insisting that a tax stated in the certificate to be for building purposes is for incidental purposes, and falls under and in with the first item of levy for school purposes. Waiving the question whether the board could, after having, as the law requires, specified the object of the tax by placing it under the particular head for building purposes, change its position upon the trial and insist that the tax was levied, in fact, for some other or different purposes, about which there may be some doubt, (*Knopf* v. *People,* 185 Ill. 20,) defendant in error has not shown enough to sustain this tax as one levied for general purposes. Defendant in error argues that such ought to be allowed in this case, as the tax, taking the two items together, does not exceed the limit of taxation for school purposes. There is no evidence to support this contention of defendant in error, and if his position were otherwise tenable it must fall for this reason. The board of education was at fault in making the levy in the manner it did, and when the tax was challenged and the board undertook to change its position and show that, although the tax did appear under the head of "building purposes," it was, in fact, but a part of the tax for school purposes generally, it became incumbent upon it then to show that such a levy was within the limitation. Upon this question there is no evidence whatever in the record. The assessed value of the property in the school district is not shown, and we are therefore unable

to say what tax might have been legally levied in that district for school purposes, and without a vote of the people. With the record in such condition, the court was not authorized or warranted in entering judgment for the tax.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*